UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARDO TUFINO VERDUZCO,

                Petitioner,

v.

LaDEON FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; KRISTI NOEM in her official capacity as Secretary of Homeland Security; PAM BONDI, in her official capacity as Attorney General,

                Respondents.

26-CV-218

MEMORANDUM OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

      On January 11, 2026, Petitioner Leonardo Tufino Verduzco, a Mexican national who entered the United States on an unknown date without inspection, was detained by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 8 ("Am. Pet.") ¶¶ 7, 10; Dkt. No. 9 ("Gov. Opp."), Ex. A ("Notice to Appear"). He subsequently filed a petition for a writ of habeas corpus seeking immediate release from custody. On January 13, 2026, the Government filed its response, acknowledging that this Court's decision in *Rivera Esperanza v. Francis*, 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025) is "materially indistinguishable" from this case and "control[s] the result for this petitioner." *See* Gov. Br. at 2–3.

      The Court agrees. The circumstances of Mr. Tufino Verduzco's detention are materially indistinguishable from those considered by this Court in *Rivera Esperanza v. Francis*, No. 25-CV-8727 (RA), 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025). In *Rivera Esperanza*, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Rivera Esperanza*, 2025 WL 3513983, at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section

1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

The only difference between the circumstances in *Rivera Esperanza* and here is that Mr. Tufino Verduzco was not initially detained at the border and therefore was not subsequently released on his own recognizance. *See* Gov. Opp., Ex. A. The determination that 8 U.S.C. § 1226(a) applies, however, does not turn on whether a noncitizen was released on his own recognizance. *See, e.g.*, *Comes v. Francis*, 2025 WL 3206491, at *1 (S.D.N.Y. Nov. 14, 2025) (granting habeas petition for noncitizen who was detained after living in the United States "continuously for at least five years," but who was not released on his own recognizance after an initial detention).

The Court reaches the same conclusions here: Mr. Tufino Verduzco's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*, the Court thus grants the Petition and orders Mr. Tufino Verduzco's release from custody by tomorrow January 15, 2026.

Mr. Tufino Verduzco also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Am. Pet. at 18. Under the EAJA, a court shall award to a "prevailing party" reasonable fees and expenses incurred in a "civil action" against the United States unless the court finds that "the position of the United States was substantially justified." 28 U.S.C § 2412. "A party prevails if the court grants relief to the party based on 'an assessment of the merits' and thus 'unquestionably' and 'materially alter[s] the existing legal relationship between the parties.'" *Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005)). Habeas petitions "challenging immigration detentions" are "civil actions" within the meaning of the EAJA. *Id.*

Here, Mr. Tufino Verduzco is the prevailing party in a civil action against the United States. The Court finds that the Government's position "was not substantially justified," since it does not "and has never had a reasonable basis in statutory text, structure, or history." *Id.* Mr. Tufino Verduzco is entitled, therefore, to reasonable fees and costs. He may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 by February 13, 2026.

Having determined that Petitioner's procedural due process rights were violated, and that he is entitled to a writ of habeas corpus on that basis, the Court does not address his alternative arguments that the Government's actions violated the Immigration and Nationality Act, his Fourth Amendment rights, or the Administrative Procedure Act.

For the reasons stated above, Mr. Tufino Verduzco's Petition is granted. The Government is ordered to release him from custody by tomorrow January 15, 2026. It shall further certify compliance with the Court's order by promptly filing it on the docket.

SO ORDERED.

Dated:    January 14, 2026
         New York, New York

_____
Ronnie Abrams
United States District Judge